UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RICK TAYLOR, et al                                                                               PLAINTIFFS

v.                                                                         CIVIL ACTION NO. 3:05CV-191-S

B & W CARTAGE COMPANY, INC., et al                                              DEFENDANTS

### MEMORANDUM OPINION

In this action originally filed in Bullitt County, Kentucky Circuit Court, Rick Taylor and Kathryn Taylor ("the Taylors") have asserted claims against B & W Cartage Company, Inc. ("B & W") and Liberty Mutual Fire Insurance Company ("Liberty Mutual"). The lawsuit arises out of an accident alleged to have occurred on March 12, 2004, in which Rick Taylor is said to have been injured in a collision with a B & W operated "tractor trailer" on I-65. His claims against B & W include property damage and personal injuries. Kathryn Taylor's claims are for loss of consortium.

In the complaint, which is not a model of clarity, the plaintiffs also assert claims against Liberty Mutual under their automobile insurance policy. They claim $30,000.00 in personal injury protection benefits and $25,000.00 in uninsured/underinsured motorist coverage "to the extent that B & W Cartage Company, Inc. is uninsured, underinsured, or for some other reason the contractual coverage is triggered."

The complaint contains an *ad damnum*, in which the plaintiffs generally demand judgment against the defendants for injuries and loss of consortium, punitive damages, property damage, uninsured and underinsured coverage, interest, attorney fees, costs, and trial by jury.

Liberty Mutual removed to this court, attaching an affidavit of Stephen M. Klein, President of B & W, stating consent to the removal.

Plaintiffs have timely moved to remand. They contend that their claims against the removing party, Liberty Mutual, do not exceed the sum of $75,000.00, exclusive of interest and costs. They contend that while their claims against B & W exceed that sum, B & W was not a removing party and this court's diversity jurisdiction cannot be grounded on their claims against a consenting but non-removing party.

The issues have been fully briefed. Diversity of citizenship between the plaintiffs and B & W and Liberty Mutual is not disputed.

Liberty Mutual has the burden to establish not only diversity of citizenship but the requisite amount in controversy. *Gafford v. General Electric Co.*, 997 F.2d 150 (6th Cir. 1993). In *Egan v. Premier Scales & Systems*, 237 F. Supp. 2d 774 (W.D.Ky. 2002), Judge Heyburn described the peculiar problems presented by Kentucky's pleading rules, which prohibit a party from specifying a particular amount of damages to be sought. As noted, the plaintiffs' complaint is not a model of clarity because the claims against the various defendants are recited without separation. However, upon analysis, it is also perfectly clear that the plaintiffs are asserting personal injury, property damage, and loss of consortium claims against B & W while their claims against Liberty Mutual have to do with personal injury protection benefits and uninsured/underinsured motorist coverage under their insurance contract. The claims are obviously distinguishable on their face. B & W is not an insurance company, and Liberty Mutual is not alleged to have been responsible for the alleged negligent operation of a "tractor trailer." The *ad damnum* in the complaint also demonstrates that

- 3 -

the first three claims have to do with the wreck, while claims 4, 5, and 6 have to do with insurance coverage under the Liberty Mutual policy.

Furthermore, the Taylors have filed pleadings in this court repeatedly clarifying that their only claims against Liberty Mutual are for uninsured/underinsured motorist coverage in the amount of $25,000.00, and up to $30,000.00 worth of personal injury protection benefit coverage, along with interest and attorney fees. The plaintiffs have clarified that they specifically disclaim punitive damages against Liberty Mutual. They have affirmatively represented to this court that their claims do not exceed the minimum jurisdictional amount of $75,000.00 exclusive of interest and costs specified by federal law.

Under these circumstances, and after considering the plain language of the plaintiffs' complaint along with their clarification as permitted in *Egan*, which is certainly consistent with the language of the complaint itself, the court believes that, to a legal certainty, the claims of the Taylors against Liberty Mutual do not exceed the sum of $75,000.00 exclusive of interest and costs.

The court therefore concludes that remand of this entire action to the Bullitt Circuit Court is appropriate and obligatory.

Of course, should the plaintiffs amend their current position and representations to this court in their pleadings by claiming an excess of $75,000.00 against Liberty Mutual, the matter would become immediately subject to re-removal.

A separate order will this day be entered.

cc:     Counsel of Record